Local Form 3015-1 (05/19)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Steven Douglas Fletcher**
**Heather Rachel Johnson Fletcher**

Case No.
CHAPTER 13 PLAN ☐ Modified
Dated: **August 21, 2020**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtor must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 17 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE**

2.1 As of the date of this plan, the debtor has paid the trustee $ **0.00**.
2.2 After the date of this plan, the debtor will pay the trustee $ **1,400.00** per **Month** for **60** months beginning in **September** of **2020** for a total of $ **84,000.00**. The initial plan payment is due not later than 30 days after the order for relief.
2.3 The minimum plan length is ☐ 36 months or ☑ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4 The debtor will also pay the trustee **0.00**.
2.5 The debtor will pay the trustee a total of $ **84,000.00** [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **8,400.00** [line 2.5 x .10]

**Part 4. ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1)(C))** — The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of payments | Total Payments |
|---|---|---|---|
| -NONE- | | | |
| TOTAL | | | $0.00 |

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 8.

| | Creditor | Description of Property |
|---|---|---|
| 5.1 | **AT&T** | **Phone/apple watch** |
| 5.2 | **The Paxon** | **Residential Lease** |

**Part 6. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current and the debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| Creditor | Description of Property |
|---|---|
| -NONE- | |

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

| Creditor | Amount of default | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| | Creditor | Amount of default | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| | TOTAL | | | | | $0.00 |

**Part 8. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

| | Creditor | Amount of default | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | |
| | TOTAL | | | | | | $0.00 |

**Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)) (secured claim amounts in this Part control over any contrary amount except for secured claims of govern-mental units):** The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

| | Creditor | Claim amount | Secured Claim | Int. rate | Beginning in month # | Monthly payment | X Num of pmts. | = Plan pmts | + Adq. Pro. from Part 4 | Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| | -NONE- | | | | $ | | | | | |
| | TOTAL | | | | | | | | | $0.00 |

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value)(allowed secured claim controls over any contrary amount):** The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

| | Creditor | Claim amount | Int. rate | Beginning in month # | Monthly payment | X Num of pmts | = Plan payments | + Adq. Pro. from Part 4 | Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | | | |
| | TOTAL | | | | | | | | $0.00 |

**Part 11. PRIORITY CLAIMS (not including claims under Part 12):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 11.1 | Attorney Fees | $3,500.00 | $1,166.67 | 1 | 3 | $3,500.00 |
| 11.2 | Internal Revenue Service | $4,975.41 | pro rata | pro rata | pro rata | $4,975.41 |
| 11.3 | MN Dept of Revenue | $1.00 | pro rata | pro rata | pro rata | $1.00 |
| | TOTAL | | | | | $8,476.41 |

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| | -NONE- | | | | | |
| | TOTAL | | | | | $0.00 |

**Part 13. SEPARATE CLASSES OF UNSECURED CLAIMS** — In addition to the class of unsecured claims specified in Part 14, there shall be separate classes of non-priority unsecured creditors described as follows:  **-NONE-**
The trustee will pay the allowed claims of the following creditors. **All entries below are estimates.**

| | Creditor | Estimated claim | Interest Rate (if any) | Monthly Payment | Beginning in Month # | Number of Payments | Total payments |
|---|---|---|---|---|---|---|---|
| | **-NONE-** | | | | | | |
| | TOTAL | | | | | | **$0.00** |

**Part 14. TIMELY FILED UNSECURED CLAIMS** — The trustee will pay holders of non-priority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately $ **67,123.59**   [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].

14.1    The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are $ **0.00** .

14.2    The debtor estimates that the debtor's total unsecured claims (excluding those in Part 9 and 13) are $ **261,843.00** .

14.3    Total estimated unsecured claims are $ **261,843.00**   [lines 14.1 + 14.2].

**Part 15. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

**Part 16. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and §§ 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of Property (including complete legal description of real property) |
|---|---|---|
| | **-NONE-** | |

**Part 17. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| | |
|---|---|
| **17.1** | **A proof of claim may be filed by the Internal Revenue Service (IRS) for a claim against the debtor(s) for taxes that become payable to the IRS post-petition, limited to only the tax year for which the bankruptcy case was filed. The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.**<br><br>**The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed.  If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out and pay the trustee the amount over $1,200 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**<br><br>**APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.**<br><br>**Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim.  For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 5, 6, 7, 8, 9, 10, 16 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim.  Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case.**<br><br>**All secured creditors being paid direct (outside the Chapter 13 plan) on the plan shall, upon confirmation of the plan, send debtor(s) monthly statements and are authorized to speak to debtor about post-petition payments.** |
| **17.2** | |

| Class of Payment | | Amount to be paid |
|---|---|---:|
| Payments by trustee [Part 3] | $ | 8,400.00 |
| Home mortgages in Defaults [Part 7] | $ | 0.00 |
| Claims in Default [Part 8] | $ | 0.00 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 9] | $ | 0.00 |
| Secured claims excluded from § 506 [Part 10] | $ | 0.00 |
| Priority Claims [Part 11] | $ | 8,476.41 |
| Domestic support obligation claims [Part 12] | $ | 0.00 |
| Separate classes of unsecured claims [Part 13] | $ | 0.00 |
| Timely filed unsecured claims [Part 14] | $ | 67,123.59 |
| TOTAL (must equal line 2.5) | $ | 84,000.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 17.

Signed:    **/s/ Steven Douglas Fletcher**
          **Steven Douglas Fletcher**
          Debtor 1

Signed:    **/s/ Jesse A. Horoshak**
          **Jesse A. Horoshak 0387797**
          Attorney for debtor or debtor if pro se

Signed:    **/s/ Heather Rachel Johnson Fletcher**
          **Heather Rachel Johnson Fletcher**
          Debtor 2 (if joint case)

```
                                United States Bankruptcy Court
                                      District of Minnesota

In re:                                                                  Case No. 20-42081-KHS
Steven Douglas Fletcher                                                 Chapter 13
Heather Rachel Johnson Fletcher
         Debtors
                                     CERTIFICATE OF NOTICE
District/off: 0864-4          User: lindas                 Page 1 of 2                 Date Rcvd: Aug 24, 2020
                              Form ID: pdf008              Total Noticed: 24


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 26, 2020.
db/jdb         +Steven Douglas Fletcher,    Heather Rachel Johnson Fletcher,   360 1st St. N,   Apt 446,
                 Minneapolis, MN 55401-3361
smg            +United States Attorney,   600 US Courthouse,   300 S 4th St,   Minneapolis, MN 55415-3070
62569101       +Amex,   Correspondence/Bankruptcy,    Po Box 981540,   El Paso TX 79998-1540
62569103       +Bank of America,   4909 Savarese Circle,   Fl1-908-01-50,    Tampa FL 33634-2413
62569106       +Citibank,   Citicorp Credit Srvs/Centralized Bk dept,   Po Box 790034,    St Louis MO 63179-0034
62569108       +Fed Loan Serv,   Pob 60610,    Harrisburg PA 17106-0610
62569109       +HRJ Designs,   360 1st St. N,    Apt 446,   Minneapolis MN 55401-3361
62569115       +Sofi Lending Corp,    Attn: Bankruptcy,   375 Healdsburg Avenue Suite 280,
                 Healdsburg CA 95448-4151
62569116        Sunrise Banks,   PO BOX 790408,    Saint Louis MO 63179-0408
62569118       +The Paxon,   360 North 1st St,   Minneapolis MN 55401-3322
62569119       +Wells Fargo Bank NA,    Attn: Bankruptcy,   1 Home Campus Mac X2303-01a,
                 Des Moines IA 50328-0001
62569120       +Wellsfargo,   P.o. Box 94435,   Albuquerque NM 87199-4435

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            +E-mail/Text: mdor.bkysec@state.mn.us Aug 25 2020 00:06:53     Minnesota Department of Revenue,
                 Bankruptcy Section,    PO Box 64447,   St Paul, MN 55164-0447
smg            +E-mail/Text: ustpregion12.mn.ecf@usdoj.gov Aug 25 2020 00:07:02    US Trustee,
                 1015 US Courthouse,   300 S 4th St,   Minneapolis, MN 55415-3070
62569102       +E-mail/Text: g17768@att.com Aug 25 2020 00:07:02     AT&T,   Attn: Bankruptcy Dept,
                 4331 Communications Dr, Flr 4W,    Dallas TX 75211-1300
62569104       +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Aug 25 2020 00:15:00     Capital One,
                 Attn: Bankruptcy,   Po Box 30285,    Salt Lake City UT 84130-0285
62569107       +E-mail/Text: dplbk@discover.com Aug 25 2020 00:07:20     Discover Personal Loans,
                 Attn: Bankruptcy,   Po Box 30954,    Salt Lake City UT 84130-0954
62569110        E-mail/Text: sbse.cio.bnc.mail@irs.gov Aug 25 2020 00:07:04     Internal Revenue Service,
                 Centralized Insolvency,    PO Box 7346,   Philadelphia PA 19101-7346
62569105        E-mail/PDF: ais.chase.ebn@americaninfosource.com Aug 25 2020 00:15:00     Chase Card Services,
                 Attn: Bankruptcy,   Po Box 15298,   Wilmington DE 19850
62569111       +E-mail/Text: mdor.bkysec@state.mn.us Aug 25 2020 00:06:53     MN Dept of Revenue,
                 Attn: Denise Jones,   PO Box 64447,   Saint Paul MN 55164-0447
62569112       +E-mail/PDF: pa_dc_claims@navient.com Aug 25 2020 00:14:39     Navient,   Attn: Claims Dept,
                 Po Box 9500,   Wilkes-Barr PA 18773-9500
62569113       +E-mail/PDF: pa_dc_claims@navient.com Aug 25 2020 00:15:01     Navient,   Attn: Bankruptcy,
                 Po Box 9640,   Wilkes Barre PA 18773-9640
62569114       +E-mail/Text: bnc@nordstrom.com Aug 25 2020 00:07:03     Nordstrom FSB,   Attn: Bankruptcy,
                 Po Box 6555,   Englewood CO 80155-6555
62569117       +E-mail/PDF: gecsedi@recoverycorp.com Aug 25 2020 00:15:24     Syncb/PPC,   Attn: Bankruptcy,
                 Po Box 965060,   Orlando FL 32896-5060
                                                                                               TOTAL: 12

                ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 26, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0864-4           User: lindas              Page 2 of 2              Date Rcvd: Aug 24, 2020
                               Form ID: pdf008          Total Noticed: 24
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 21, 2020 at the address(es) listed below:

        Jesse A. Horoshak   on behalf of Debtor 2 Heather Rachel Johnson Fletcher jhoroshak@kainscott.com, bbabatz@kainscott.com;HoroshakJR72722@notify.bestcase.com

        Jesse A. Horoshak   on behalf of Debtor 1 Steven Douglas Fletcher jhoroshak@kainscott.com, bbabatz@kainscott.com;HoroshakJR72722@notify.bestcase.com

        US Trustee   ustpregion12.mn.ecf@usdoj.gov

        TOTAL: 3